CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993, MMaryott@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Proposed Attorneys for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtor | CASE NO. 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>ADV. NO.: 6:09-ap-01114-MJ |
| RONALD DOUD and BRIAN TUCKER, individually and on behalf of a class of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>FLEETWOOD ENTERPRISES INC.<br><br>Defendant. | **DEFENDANT FLEETWOOD ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

Defendant Fleetwood Enterprises, Inc. ("FEI"), for itself and itself alone, hereby answers Plaintiffs' Complaint for Damages and Other Relief (the "Complaint").

## **CLASS ACTION ADVERSARY COMPLAINT**

1. Answering the allegations in paragraph 1 of the Complaint, FEI admits on information and belief that Plaintiffs seek relief on behalf of a putative class for alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act") and of

California Labor Code § 1400, *et seq.* (the "California WARN Act").  Except as expressly admitted or alleged herein, FEI denies the allegations in this paragraph.

2. Answering the allegations in paragraph 2 of the Complaint, FEI admits that Plaintiffs so allege.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

## Jurisdiction and Venue

3. Answering the allegations in paragraph 3 of the Complaint, FEI admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

4. Answering the allegations in paragraph 4 of the Complaint, FEI admits the allegations in this paragraph.

## Parties

5. Answering the allegations in paragraph 5 of the Complaint, FEI admits that Plaintiff Tucker was an employee of FEI who earned wages and received benefits.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

6. Answering the allegations in paragraph 6 of the Complaint, FEI denies that it is a California corporation.  FEI admits that its direct and indirect subsidiaries manufacture motor homes and manufactured housing.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

7. Answering the allegations in paragraph 7 of the Complaint, FEI admits that Plaintiff Doud was employed as an Assembler by Fleetwood Travel Trailers of Oregon, Inc. at its Pendleton, Oregon, facility.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

8. Answering the allegations in paragraph 8 of the Complaint, FEI admits the allegations in this paragraph.

9. Answering the allegations in paragraph 9 of the Complaint, FEI admits that as of March 9, 2009, Fleetwood Travel Trailers of Oregon, Inc. employed 251 employees at its plant in Pendleton, Oregon and 162 employees at its plant in LeGrande, Oregon, and on or about March 9, 2009, announced that those plants would be closed and the employees who worked at those plants would be laid off.  FEI admits that Fleetwood Travel Trailers of Oregon, Inc. did not give Plaintiffs

Gibson, Dunn & Crutcher LLP

or its other employees written notice of their terminations prior to March 9, 2009. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

10. Answering the allegations in paragraph 10 of the Complaint, FEI admits that on or about March 9, 2009, it announced that the layoffs of approximately 65 of its employees. FEI also admits that Plaintiff Tucker's employment terminated on March 9, 2009 and that Plaintiff Tucker and other FEI employees who were terminated on March 9, 2009 did not receive written notice of their terminations prior to March 9, 2009. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

11. Answering the allegations in paragraph 11 of the Complaint, FEI denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

12. Answering the allegations in paragraph 12 of the Complaint, FEI admits on information and belief that Plaintiffs seek to bring this action on their own behalf and on behalf of others pursuant to the statutes identified in the paragraph. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

13. Answering the allegations in paragraph 13 of the Complaint, FEI admits that Plaintiffs so allege. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

14. Answering the allegations in paragraph 14 of the Complaint, FEI denies the allegations in this paragraph.

15. Answering the allegations in paragraph 15 of the Complaint, FEI denies the allegations in this paragraph.

16. Answering the allegations in paragraph 16 of the Complaint, FEI denies the allegations in this paragraph.

17. Answering the allegations in paragraph 17 of the Complaint, FEI denies the allegations in this paragraph.

18. Answering the allegations in paragraph 18 of the Complaint, FEI admits that Plaintiffs so allege. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

19. Answering the allegations in paragraph 19 of the Complaint, FEI denies the allegations in this paragraph.

20. Answering the allegations in paragraph 20 of the Complaint, FEI denies the allegations in this paragraph.

21. Answering the allegations in paragraph 21 of the Complaint, FEI admits that Plaintiffs so allege. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

22. Answering the allegations in paragraph 22 of the Complaint, FEI admits that 29 U.S.C. § 2104(a)(5) and California Labor Code § 1404 authorize class treatment provided the requirements for class certification can be met. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

## COUNT I

## Violations of the Federal WARN Act

23. Answering the allegations in paragraph 23 of the Complaint, FEI reasserts and realleges its responses to the allegations in the previous paragraphs of the Complaint.

24. Answering the allegations in paragraph 24 of the Complaint, FEI admits that 29 U.S.C. § 2101, *et seq.* sets forth rights and remedies afforded to certain employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

25. Answering the allegations in paragraph 25 of the Complaint, FEI admits that the federal WARN Act and case law interpreting the WARN Act set forth the notice requirements applicable to certain employers in connection with "plant closings" and "mass layoffs" as well as the remedies available to employees in the event of a violation of the notice requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

26. Answering the allegations in paragraph 26 of the Complaint, FEI admits that it employs 100 or more employees, excluding part-time employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

27. Answering the allegations in paragraph 27 of the Complaint, FEI denies the allegations in this paragraph.

Gibson, Dunn & Crutcher LLP

28. Answering the allegations in paragraph 28 of the Complaint, FEI admits that 29 U.S.C. § 2103 contains exemptions from the notice requirements and that 29 U.S.C. § 2103(1) and (2) do not apply to FEI. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

29. Answering the allegations in paragraph 29 of the Complaint, FEI denies the allegations in this paragraph.

## COUNT II

## Violations of the California WARN Act

30. Answering the allegations in paragraph 30 of the Complaint, FEI reasserts and realleges its responses to the allegations in the previous paragraphs of the Complaint.

31. Answering the allegations in paragraph 31 of the Complaint, FEI admits that the California WARN Act sets forth rights and remedies afforded to certain employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

32. Answering the allegations in paragraph 32 of the Complaint, FEI admits that the California WARN Act and case law interpreting the California WARN Act set forth the notice requirements applicable to certain employers in connection with a "mass layoff," "relocation," and "termination," as those terms are defined by the California WARN Act, as well as the remedies available to employees in the event of a violation of those requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

33. Answering the allegations in paragraph 33 of the Complaint, FEI admits that it employs 75 or more employees, excluding part-time employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

34. Answering the allegations in paragraph 34 of the Complaint, FEI denies the allegations in this paragraph.

35. Answering the allegations in paragraph 35 of the Complaint, FEI admits that the California WARN Act contains exemptions from the notice requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

Gibson, Dunn & Crutcher LLP

36. Answering the allegations in paragraph 36 of the Complaint, FEI denies the allegations in this paragraph.

## PRAYER FOR RELIEF

37. Answering the Prayer for Relief, FEI denies that Plaintiffs and the putative class are entitled to the relief sought therein or any other relief.

FEI has alleged defenses as set forth below. By such pleading, FEI intends no alteration of the burden of proof as applicable to Plaintiffs' claims. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability as to whether Plaintiffs are entitled to any relief whatsoever.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1. The Complaint fails to state facts sufficient to constitute a valid claim for relief against Defendant FEI.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2. The alleged claims in the Complaint against FEI are barred because such claims can only be brought by an employee against an employer, and FEI was not the employer of Plaintiff Doud.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3. The alleged claims in the Complaint are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(1) as a result of FEI's reasonable and good faith belief that giving notice would have precluded FEI from obtaining needed capital or business.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. The alleged claims in the Complaint are barred, in whole or in part, because notice was not required to be given under California Labor Code § 1402.5 as a result of FEI's reasonable and good faith belief that giving notice would have precluded FEI from obtaining needed capital or business.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

5. The alleged claims in the Complaint are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(2)(A) as a result of business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

6. The alleged claims in the Complaint are barred, in whole or in part, because FEI was not an "employer" under 29 U.S.C. § 2101(a)(1) inasmuch as it was not a "business enterprise" with respect to the travel trailer business in which Plaintiffs were employed.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

7 FEI is informed and believes and thereon alleges that Plaintiffs are barred from maintaining a class action based on the following grounds: (1) joinder of all members of the purported class is not impracticable; (2) the claims asserted in the Complaint are not "typical" of the claims of the purported class; (3) the representative party will not fairly and adequately protect the interests of the purported class; (4) facts common to the purported class do not predominate over questions affecting only individual members; and (5) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant FEI prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint and that the same be dismissed with prejudice;

2. That FEI be awarded its costs of suit, including reasonable attorneys' fees to the extent allowable; and

///
///
///
///
///
///

3. That FEI be awarded such further relief as the Court deems just and proper.

Dated: April 13, 2009

          CRAIG H. MILLET
          MICHELE L. MARYOTT
          SOLMAZ KRAUS
          GIBSON, DUNN & CRUTCHER LLP

By: /s/ Craig H. Millet
          Craig H. Millet

Proposed Attorneys for
Debtors and Debtors in Possession

100634507_1.DOC

# CERTIFICATE OF SERVICE

I, Arlene R. Thompson, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State. On April 13, 2009, I served the following document(s):

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND OTHER RELIEF**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Eric H. Gibbs, Esq.<br>Dylan Hughes, Esq.<br>Matthew B. George, Esq.<br>Girard Gibbs LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108 | Attorneys for Plaintiffs |
| George A. Hanson, Esq.<br>Richard M. Paul III, Esq.<br>Jack D. McInnes<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 764112 | Attorneys for Plaintiffs |
| Office of the United States Trustee<br>Attn: Frank Cadigan and Elizabeth A. Lossing<br>Loring Building<br>3685 Main Street, Suite 300<br>Riverside, CA 92501 | |

☑ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY EMAIL**: On the above-mentioned date, I caused a true copy of said document to be emailed to said parties' email addresses as indicated on the foregoing Service List.

☐ **BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☑ I am employed in the office of Craig H. Millet, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2009.

                                                               /s/ Arlene R Thompson
                                                                  Arlene R. Thompson

Gibson, Dunn & Crutcher LLP

10