Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
dsh@girardgibbs.com
Matthew B. George (State Bar No. 239322)
mbg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Richard M. Paul III
(admitted *pro hac vice*)
paul@stuevesiegel.com
Ashlea Schwarz
(admitted *pro hac vice*)
schwarz@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Attorneys for Plaintiffs*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re FLEETWOOD ENTERPRISES, INC., <br><br> Debtor, | CASE NO. 6:09-bk-14254-MJ <br><br> Chapter 11 |
| RONALD DOUD, JEREMIAH HASTINGS and BRIAN TUCKER, individually and on behalf of a class of other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> FLEETWOOD ENTERPRISES, INC. and FLEETWOOD TRAVEL TRAILERS OF OREGON, INC., <br><br> Defendants. | ADV. NO.: 6:09-ap-01114-MJ <br><br> **CLASS ACTION** <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF: <br><br> Violation of the WARN Act, 29 U.S.C. §2101 *et seq.*; California Labor Code § 1400 *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION ADVERSARY COMPLAINT

# CLASS ACTION ADVERSARY COMPLAINT

Plaintiffs Ronald Doud, Jeremiah Hastings and Brian Tucker, individually and on behalf of a class of all others similarly situated, for their First Amended Adversary Complaint against Defendants Fleetwood Enterprises, Inc. and Fleetwood Travel Trailers of Oregon, Inc. (collectively "Fleetwood" or "Defendants"), state as follows:

1. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for Fleetwood and who were terminated as a consequence of plant closings and/or a mass layoff on or about March 9, 2009 and within thirty (30) days of that date, and thereafter, who were not provided sixty (60) days advance written notice of the plant closings and/or mass layoff by Fleetwood as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, and California Labor Code § 1400 *et seq.*, informally known as the California WARN Act (the United States and California Worker Adjustment and Retraining Notification Acts are referred to herein collectively as "WARN Act" unless otherwise stated).

2. Plaintiffs and all similarly situated employees seek to recover back pay and benefits for each day of WARN Act violations under 29 U.S.C. § 2104. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to priority status under the United States Bankruptcy Code.

## Jurisdiction and Venue

3. This Court's jurisdiction is based on 28 U.S.C. §§ 157, 1331, 1334, and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

4. This is a core proceeding under 28 U.S.C. § 157.

## Parties

5. Plaintiffs Ronald Doud, Jeremiah Hastings and Brian Tucker were full-time Fleetwood employees who, in addition to other substantial employee benefits, earned regular compensation and were damaged by Fleetwood's acts in violation of the WARN Act.

6. Defendant Fleetwood Enterprises, Inc. is a California corporation that manufactures motor homes and manufactured housing and maintains its headquarters in Riverside, California.

7. Defendant Fleetwood Travel Trailers of Oregon, Inc. is a corporation that manufactures travel trailers and maintains its principal place of business in Pendleton, Oregon.

**Facts**

8. Plaintiff Doud was employed full time as an Assembler at Fleetwood's Pendleton, Oregon facility.

9. Plaintiff Hastings was employed full time as a Parts and Services Associate at Fleetwood's La Grande, Oregon facility.

10. Plaintiff Tucker was employed full time as a Business Analyst 2 at Fleetwood's headquarters in Riverside, California.

11. During the time period relevant to this action, Fleetwood employed approximately 253 employees at its Pendleton, Oregon site of employment and 162 employees at its La Grande, Oregon site of employment. On or about March 9, 2009, Fleetwood announced that it was closing its plants at both sites and was terminating the employment of approximately 415 employees at these sites, including Plaintiffs Doud and Hastings. Plaintiffs Doud, Hastings and the other affected employees were not given any prior notice of the layoff. Plaintiffs Doud, Hastings and others similarly situated were terminated from their employment without receiving sixty (60) days' notice.

12. Fleetwood further announced that it was terminating the employment of approximately 65 of its 300 employees at its Riverside headquarters, including Plaintiff Tucker. Plaintiff Tucker and the other affected employees were not given any prior notice of the layoff. Plaintiff Tucker and others similarly situated were terminated from their employment without receiving sixty (60) days' notice.

13. In addition, Fleetwood terminated hundreds of other employees at other facilities that it, as of the date of this Complaint, has not yet closed down completely. Depending on the number of total employees at these sites, such terminations may constitute a mass layoff and/or plant closing under the WARN Act.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act (29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404).

15. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a Class initially defined as: "All Fleetwood employees who were terminated from employment on or within thirty (30) days of March 9, 2009 without being provided sixty (60) days written notice of a plant closing and/or mass layoff before the date of their termination." Plaintiff Tucker further seeks to represent a sub-class initially defined as: "All Fleetwood employees in California who were terminated from employment on or within thirty (30) days of March 9, 2009 without being provided sixty (60) days written notice of a plant closing and/or mass layoff before the date of their termination." Plaintiffs reserve the right to modify these definitions based on further investigation, discovery, or other relevant developments.

16. Plaintiffs and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

17. Plaintiffs and class members are "employees" at a "covered establishment" subject to a "mass layoff" and/or "termination" as those terms are defined in the California WARN Act, California Labor Code § 1400(h), (a), (d) and (f), respectively.

18. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

19. The members of the class and sub-class exceed 400 in number, and joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from the books and records of Fleetwood.

20. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Fleetwood's actions include, but are not limited to, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Fleetwood's employee terminations on or about March 9, 2009, and within 30 days thereafter, constitute a "termination" and/or "mass layoff" under the WARN Act;

    c. Whether Fleetwood failed to provide the notices required by the WARN Act (29 U.S.C. § 2102(b); Cal. Labor Code § 1401);

    d.  Whether Fleetwood can avail itself of any of the provisions of the WARN Act permitting lesser periods of notice;

    e.  The appropriate formulae to measure damages under the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402); and

    f.  The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. § 2104(a)(2); Cal. Labor Code § 1402).

  21.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

  22.  A class action is the superior method for the fair and efficient adjudication of this controversy. Fleetwood has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Fleetwood, and/or substantially impair or impede class members' ability to protect their interests.

  23.  Plaintiffs are affected employees who were terminated by Fleetwood on or about March 9, 2009, without the notice required by the WARN Act. They are thereby members of the class. Plaintiff Tucker is an affected California employee who was terminated without the notice required by the California WARN Act. He is thereby a member of the sub-class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience prosecuting complex wage, employment, class action, and WARN Act litigation. Accordingly, Plaintiffs are adequate representative of the class and have the same interests as all of its members. Further, Plaintiffs' claims are typical of the claims of all members of the class, and Plaintiffs will fairly and adequately protect the interests of the absent members of the class.

  24.  Further, class action treatment of this action is authorized and appropriate under the WARN Act (29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404), which clearly provides that plaintiffs seeking to enforce liabilities under the WARN Act may sue either on behalf of themselves, for other

persons similarly situated, or both.

## COUNT I

### Violations of the Federal Warn Act

25. Plaintiffs reassert and re-allege the allegations set forth above.

26. At all times material herein, Plaintiffs, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et seq.*

27. The federal WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to plant closings and/or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

28. Fleetwood was, and is, subject to the notice and back pay requirements of the federal WARN Act because it is a business enterprise that employs 100 or more employees, excluding part-time employees, as defined in the Act. 29 U.S.C. § 2101(1)(A).

29. Fleetwood willfully violated the federal WARN Act by failing to provide the required notice.

30. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. § 2103(1)-(2). None of the federal WARN Act exemptions apply to Fleetwood. Accordingly, Plaintiffs and class members must receive the notice and back pay required by the federal WARN Act (29 U.S.C. § 2102 and 2104).

31. Plaintiffs and all similarly situated employees have been damaged by Fleetwood's conduct constituting violations of the federal WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation. Fleetwood has not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the federal WARN Act.

## COUNT II

### Violations of the California WARN Act

32. Plaintiffs reassert and re-allege the allegations set forth above.

FIRST AMENDED CLASS ACTION ADVERSARY COMPLAINT

33. At all times material herein, Plaintiff Tucker, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the California WARN Act, California Labor Code § 1400, *et seq*.

34. The California WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closings and/or layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

35. Fleetwood was, and is, subject to the notice and back pay requirements of the California WARN Act because it is a covered establishment that employs 75 or more employees, excluding part-time employees, as defined in the Act. Cal. Labor Code § 1400. *et seq*.

36. Fleetwood willfully violated the California WARN Act by failing to provide the required notice.

37. The California WARN Act exempts certain employers from the notice requirements of the Act. None of the California WARN Act exemptions apply to Fleetwood. Accordingly, Plaintiff Tucker and sub-class members must receive the notice and back pay required by the California WARN Act.

38. Plaintiff Tucker and all similarly situated employees have been damaged by Fleetwood's conduct constituting violations of the California WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation. Fleetwood has not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the California WARN Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ronald Doud, Jeremiah Hastings and Brian Tucker, and all similarly situated employees, demand judgment against defendant Fleetwood Enterprises Inc. and pray for:

(1) an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2) designation of Ronald Doud, Jeremiah Hastings and Brian Tucker as the representatives of the class, Brian Tucker as the representative of the sub-class,

| | | |
|---|---|---|
| 1 | | and counsel of record as Class Counsel; |
| 2 | (3) | compensatory damages in an amount equal to at least the amounts provided by the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402(a)); |
| 4 | (4) | a priority claim under 11 U.S.C. § 503 in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, or, alternatively, determining that the first $10,950 of the WARN Act claims of the Plaintiff and each of the other similarly situated former employees are entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; |
| 13 | (5) | an allowed priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); |
| 16 | (6) | an award of costs; |
| 17 | (7) | prejudgment interest; and |
| 18 | (8) | such other relief as the Court deems fair and equitable. |

DATED: May 29, 2009

Respectfully submitted,

**GIRARD GIBBS LLP**

  /s/ Eric H. Gibbs
Eric H. Gibbs
Dylan Hughes
Matthew B. George
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Richard M. Paul III (admitted *pro hac vice*)
Ashlea Schwarz (admitted *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: May 29, 2009                     Respectfully submitted,

**GIRARD GIBBS LLP**


/s/ Eric H. Gibbs
Eric H. Gibbs
Dylan Hughes
Matthew B. George
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Richard M. Paul III (admitted *pro hac vice*)
Ashlea Schwarz (admitted *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Attorneys for Plaintiffs*

| In re:<br>FLEETWOOD ENTERPRISES, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 6:09-bk-14254-MJ<br>ADVERSARY NO. 09-01114-MJ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
601 California Street, 14th Floor, San Francisco, CA 94108.

A true and correct copy of the foregoing document described as **FIRST AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **MAY 29, 2009,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Richard M. Paul III on behalf of Plaintiffs Ronald Doud and Brian Tucker
paul@stuevesiegel.com

Craig Millet on behalf of Defendant Fleetwood Enterprises Inc.
cmillet@gibsondunn.com, pcrawford@gibsondunn.com

United States Trustee (RS)
Ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **MAY 29, 2009,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

<u>Bankruptcy Judge</u>
Honorable Meredith A. Jury
U.S. BANKRUPTCY COURT – RIVERSIDE
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

<u>Attorneys for Defendant Fleetwood Enterprises</u>
Michele L. Maryott, Esq.
GIBSON DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3945
Facsimile: (949) 451-4220
mmaryott@gibsondunn.com

☐ Service information continued on attached page

(Continued on next page)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                               **F 9013-3.1**

| In re: FLEETWOOD ENTERPRISES, INC. | CHAPTER 11 |
|---|---|
| | CASE NUMBER 6:09-bk-14254-MJ |
| Debtor(s). | ADVERSARY NO. 09-01114-MJ |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 29, 2009 | Angela L. Eure | /s/ Angela L. Eure |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 F 9013-3.1