CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993, MMaryott@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | CASE NO. 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>ADV. NO.: 6:09-ap-01114-MJ |
| RONALD DOUD, JEREMIAH HASTINGS and BRIAN TUCKER, individually and on behalf of a class of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>FLEETWOOD ENTERPRISES INC. and FLEETWOOD TRAVEL TRAILERS OF OREGON, INC.<br><br>Defendants. | **DEFENDANT FLEETWOOD ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

Defendant Fleetwood Enterprises, Inc. ("FEI"), for itself and itself alone, hereby answers Plaintiffs' First Amended Complaint for Damages and Other Relief (the "FAC"). For purposes of answering the FAC, FEI defines the terms "Fleetwood" and "Defendants," as those terms are used in the FAC, to refer *only* to the answering defendant FEI, and not to Fleetwood Travel Trailers of Oregon, Inc.

# CLASS ACTION ADVERSARY COMPLAINT

1. Answering the allegations in paragraph 1 of the FAC, FEI admits on information and belief that Plaintiffs seek relief on behalf of a putative class for alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act") and of California Labor Code § 1400, *et seq.* (the "California WARN Act"). Except as expressly admitted or alleged herein, FEI denies the allegations in this paragraph.

2. Answering the allegations in paragraph 2 of the FAC, FEI admits that Plaintiffs so allege. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

## Jurisdiction and Venue

3. Answering the allegations in paragraph 3 of the FAC, FEI admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

4. Answering the allegations in paragraph 4 of the FAC, FEI admits the allegations in this paragraph.

## Parties

5. Answering the allegations in paragraph 5 of the FAC, FEI admits that Plaintiff Tucker was a full-time employee of FEI who earned wages and received benefits, and that Plaintiffs Doud and Hastings were employees of Fleetwood Travel Trailers of Oregon, Inc., who earned wages and received benefits. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

6. Answering the allegations in paragraph 6 of the FAC, FEI denies that it is a California corporation. FEI admits that its direct and indirect subsidiaries manufacture motor homes and manufactured housing and that FEI maintains its headquarters in Riverside, California. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

7. Answering the allegations in paragraph 7 of the FAC, FEI admits that Fleetwood Travel Trailers of Oregon, Inc. is a corporation that manufactures travel trailers and maintains its principal place of business in Pendleton, Oregon. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

8. Answering the allegations in paragraph 8 of the FAC, FEI admits that Plaintiff Doud was employed as an Assembler by Fleetwood Travel Trailers of Oregon, Inc. at its Pendleton, Oregon, facility. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

9. Answering the allegations in paragraph 9 of the FAC, FEI admits that Plaintiff Hastings was employed as a Parts and Services Associate by Fleetwood Travel Trailers of Oregon, Inc. at its La Grande, Oregon, facility. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

10. Answering the allegations in paragraph 10 of the FAC, FEI admits the allegations in this paragraph.

11. Answering the allegations in paragraph 11 of the FAC, FEI admits that as of March 9, 2009, Fleetwood Travel Trailers of Oregon, Inc. employed 251 employees at its plant in Pendleton, Oregon and 162 employees at its plant in La Grande, Oregon, and on or about March 9, 2009, announced that those plants would be closed and the employees who worked at those plants would be laid off. FEI admits that Fleetwood Travel Trailers of Oregon, Inc. did not give Plaintiffs or its other employees written notice of their terminations prior to March 9, 2009. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

12. Answering the allegations in paragraph 12 of the FAC, FEI admits that on or about March 9, 2009, it announced that the layoffs of approximately 65 of its employees. FEI also admits that Plaintiff Tucker's employment terminated on March 9, 2009 and that Plaintiff Tucker and other FEI employees who were terminated on March 9, 2009 did not receive written notice of their terminations prior to March 9, 2009. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

13. Answering the allegations in paragraph 13 of the FAC, FEI denies the allegations in this paragraph.

**CLASS ACTION ALLEGATIONS**

14. Answering the allegations in paragraph 14 of the FAC, FEI admits on information and belief that Plaintiffs seek to bring this action on their own behalf and on behalf of others pursuant to

the statutes identified in the paragraph.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

15. Answering the allegations in paragraph 15 of the FAC, FEI admits that Plaintiffs so allege.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

16. Answering the allegations in paragraph 16 of the FAC, FEI denies the allegations in this paragraph.

17. Answering the allegations in paragraph 17 of the FAC, FEI denies the allegations in this paragraph.

18. Answering the allegations in paragraph 18 of the FAC, FEI denies the allegations in this paragraph.

19. Answering the allegations in paragraph 19 of the FAC, FEI denies the allegations in this paragraph.

20. Answering the allegations in paragraph 20 of the FAC, FEI admits that Plaintiffs so allege.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

21. Answering the allegations in paragraph 21 of the FAC, FEI denies the allegations in this paragraph.

22. Answering the allegations in paragraph 22 of the FAC, FEI denies the allegations in this paragraph.

23. Answering the allegations in paragraph 23 of the FAC, FEI admits that Plaintiffs so allege.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

24. Answering the allegations in paragraph 24 of the FAC, FEI admits that 29 U.S.C. § 2104(a)(5) and California Labor Code § 1404 authorize class treatment provided the requirements for class certification can be met.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

## **COUNT I**

## **Violations of the Federal WARN Act**

25. Answering the allegations in paragraph 25 of the FAC, FEI reasserts and realleges its responses to the allegations in the previous paragraphs of the FAC.

Gibson, Dunn & Crutcher LLP

26. Answering the allegations in paragraph 26 of the FAC, FEI admits that 29 U.S.C. § 2101, *et seq.* sets forth rights and remedies afforded to certain employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

27. Answering the allegations in paragraph 27 of the FAC, FEI admits that the federal WARN Act and case law interpreting the WARN Act set forth the notice requirements applicable to certain employers in connection with "plant closings" and "mass layoffs" as well as the remedies available to employees in the event of a violation of the notice requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

28. Answering the allegations in paragraph 28 of the FAC, FEI admits that it employs 100 or more employees, excluding part-time employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

29. Answering the allegations in paragraph 29 of the FAC, FEI denies the allegations in this paragraph.

30. Answering the allegations in paragraph 30 of the FAC, FEI admits that 29 U.S.C. § 2103 contains exemptions from the notice requirements and that 29 U.S.C. § 2103(1) and (2) do not apply to FEI. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

31. Answering the allegations in paragraph 31 of the FAC, FEI denies the allegations in this paragraph.

## COUNT II

### Violations of the California WARN Act

32. Answering the allegations in paragraph 32 of the FAC, FEI reasserts and realleges its responses to the allegations in the previous paragraphs of the FAC.

33. Answering the allegations in paragraph 33 of the FAC, FEI admits that the California WARN Act sets forth rights and remedies afforded to certain employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

34. Answering the allegations in paragraph 34 of the FAC, FEI admits that the California WARN Act and case law interpreting the California WARN Act set forth the notice requirements applicable to certain employers in connection with a "mass layoff," "relocation," and "termination,"

Gibson, Dunn & Crutcher LLP

as those terms are defined by the California WARN Act, as well as the remedies available to employees in the event of a violation of those requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

35. Answering the allegations in paragraph 35 of the FAC, FEI admits that it employs 75 or more employees, excluding part-time employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

36. Answering the allegations in paragraph 36 of the FAC, FEI denies the allegations in this paragraph.

37. Answering the allegations in paragraph 37 of the FAC, FEI admits that the California WARN Act contains exemptions from the notice requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

38. Answering the allegations in paragraph 38 of the FAC, FEI denies the allegations in this paragraph.

## **PRAYER FOR RELIEF**

39. Answering the Prayer for Relief, FEI denies that Plaintiffs and the putative class are entitled to the relief sought therein or any other relief.

FEI has alleged defenses as set forth below. By such pleading, FEI intends no alteration of the burden of proof as applicable to Plaintiffs' claims. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability as to whether Plaintiffs are entitled to any relief whatsoever.

## **FIRST SEPARATE AND ADDITIONAL DEFENSE**

1. The FAC fails to state facts sufficient to constitute a valid claim for relief against Defendant FEI.

## **SECOND SEPARATE AND ADDITIONAL DEFENSE**

2. The alleged claims in the FAC against FEI are barred because such claims can only be brought by an employee against an employer, and FEI was not the employer of Plaintiff Doud or Plaintiff Hastings.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3. The alleged claims in the FAC are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(1) as a result of FEI's reasonable and good faith belief that giving notice would have precluded FEI from obtaining needed capital or business.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. The alleged claims in the FAC are barred, in whole or in part, because notice was not required to be given under California Labor Code § 1402.5 as a result of FEI's reasonable and good faith belief that giving notice would have precluded FEI from obtaining needed capital or business.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

5. The alleged claims in the FAC are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(2)(A) as a result of business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6. The alleged claims in the FAC are barred, in whole or in part, because FEI was not an "employer" under 29 U.S.C. § 2101(a)(1) inasmuch as it was not a "business enterprise" with respect to the travel trailer business in which Plaintiffs were employed.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7 FEI is informed and believes and thereon alleges that Plaintiffs are barred from maintaining a class action based on the following grounds: (1) joinder of all members of the purported class is not impracticable; (2) the claims asserted in the FAC are not "typical" of the claims of the purported class; (3) the representative party will not fairly and adequately protect the interests of the purported class; (4) facts common to the purported class do not predominate over questions affecting only individual members; and (5) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter.

### PRAYER FOR RELIEF

WHEREFORE, Defendant FEI prays for judgment as follows:

1. That Plaintiffs take nothing by their FAC and that the same be dismissed with prejudice;

Gibson, Dunn & Crutcher LLP

1      2.      That FEI be awarded its costs of suit, including reasonable attorneys' fees to the extent
2 allowable; and
3      3.      That FEI be awarded such further relief as the Court deems just and proper.
4 Dated: June 8, 2009

CRAIG H. MILLET
MICHELE L. MARYOTT
SOLMAZ KRAUS
GIBSON, DUNN & CRUTCHER LLP


By:        /s/ Craig H. Millet
           Craig H. Millet

Attorneys for Debtors and Debtors in Possession

100669329_1.DOC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I, Arlene R. Thompson, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State.

A true and correct copy of the foregoing document described as **DEFENDANT FLEETWOOD ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**—Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 8, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Matthew B George on behalf of Plaintiff Brian Tucker
mbg@girardgibbs.com

Craig Millet on behalf of Defendant Fleetwood Enterprises, Inc.
cmillet@gibsondunn.com, pcrawford@gibsondunn.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL:** On June 8, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Meredith A. Jury
U.S. Bankruptcy Court/Riverside
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

*Bankruptcy Judge*

Eric H. Gibbs, Esq.
Dylan Hughes, Esq.
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

*Attorneys for Plaintiffs*

Richard M. Paul III, Esq.
Ashlea G. Schwarz, Esq.
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 8, 2009.

/s/ Arlene R Thompson
Arlene R. Thompson