CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993, MMaryott@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | CASE NO. 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>ADV. NO.: 6:09-ap-01114-MJ |
| RONALD DOUD, JEREMIAH HASTINGS and BRIAN TUCKER, individually and on behalf of a class of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>FLEETWOOD ENTERPRISES INC. and FLEETWOOD TRAVEL TRAILERS OF OREGON, INC.<br><br>Defendants. | **DEFENDANT FLEETWOOD TRAVEL TRAILERS OF OREGON, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

Defendant Fleetwood Travel Trailers of Oregon, Inc. ("FTT Oregon"), for itself and itself alone, hereby answers Plaintiffs' First Amended Complaint for Damages and Other Relief (the "FAC"). For purposes of answering the FAC, FTT Oregon defines the terms "Fleetwood" and "Defendants," as those terms are used in the FAC, to refer only to the answering defendant FTT Oregon, not to Fleetwood Enterprises, Inc.

# CLASS ACTION ADVERSARY COMPLAINT

1. Answering the allegations in paragraph 1 of the FAC, FTT Oregon admits on information and belief that Plaintiffs seek relief on behalf of a putative class for alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act") and of California Labor Code § 1400, *et seq.* (the "California WARN Act"). Except as expressly admitted or alleged herein, FEI denies the allegations in this paragraph.

2. Answering the allegations in paragraph 2 of the FAC, FTT Oregon admits that Plaintiffs so allege. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

## Jurisdiction and Venue

3. Answering the allegations in paragraph 3 of the FAC, FTT Oregon admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

4. Answering the allegations in paragraph 4 of the FAC, FTT Oregon admits the allegations in this paragraph.

## Parties

5. Answering the allegations in paragraph 5 of the FAC, FTT Oregon admits that Plaintiffs Doud and Hastings were employees of FTT Oregon who earned wages and received benefits, and that Plaintiff Tucker was a full-time employee of Fleetwood Enterprises, Inc., who earned wages and received benefits. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

6. Answering the allegations in paragraph 6 of the FAC, FTT Oregon denies that Fleetwood Enterprises, Inc. is a California corporation. FTT Oregon admits that Fleetwood Enterprises, Inc. has direct and indirect subsidiaries that manufacture motor homes and manufactured housing, and that FEI maintains its headquarters in Riverside, California. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

7. Answering the allegations in paragraph 7 of the FAC, FTT Oregon admits that it is a corporation that manufactures travel trailers and maintains its principal place of business in

Gibson, Dunn & Crutcher LLP

2

Pendleton, Oregon. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

8. Answering the allegations in paragraph 8 of the FAC, FTT Oregon admits that Plaintiff Doud was employed as an Assembler by FTT Oregon at its Pendleton, Oregon, facility. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

9. Answering the allegations in paragraph 9 of the FAC, FEI admits that Plaintiff Hastings was employed as a Parts and Services Associate by FTT Oregon at its La Grande, Oregon, facility. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

10. Answering the allegations in paragraph 10 of the FAC, FTT Oregon admits that Plaintiff Tucker was employed full time as a Business Analyst 2 at Fleetwood Enterprises, Inc.'s headquarters in Riverside, California.

11. Answering the allegations in paragraph 11 of the FAC, FTT Oregon admits that as of March 9, 2009, it employed 251 employees at its plant in Pendleton, Oregon and 162 employees at its plant in La Grande, Oregon, and on or about March 9, 2009, announced that those plants would be closed and the employees who worked at those plants would be laid off. FTT Oregon admits that it did not give Plaintiffs or its other employees written notice of their terminations prior to March 9, 2009. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

12. Answering the allegations in paragraph 12 of the FAC, FTT Oregon admits that on or about March 9, 2009, Fleetwood Enterprises, Inc. announced the layoffs of approximately 65 of its employees. FTT Oregon also admits that Plaintiff Tucker's employment terminated on March 9, 2009 and that Plaintiff Tucker and other FEI employees who were terminated on March 9, 2009 did not receive written notice of their terminations prior to March 9, 2009. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

13. Answering the allegations in paragraph 13 of the FAC, FTT Oregon denies the allegations in this paragraph.

## **CLASS ACTION ALLEGATIONS**

14. Answering the allegations in paragraph 14 of the FAC, FTT Oregon admits on information and belief that Plaintiffs seek to bring this action on their own behalf and on behalf of

others pursuant to the statutes identified in the paragraph.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

15. Answering the allegations in paragraph 15 of the FAC, FTT Oregon admits that Plaintiffs so allege.  Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

16. Answering the allegations in paragraph 16 of the FAC, FTT Oregon denies the allegations in this paragraph.

17. Answering the allegations in paragraph 17 of the FAC, FTT Oregon denies the allegations in this paragraph.

18. Answering the allegations in paragraph 18 of the FAC, FTT Oregon denies the allegations in this paragraph.

19. Answering the allegations in paragraph 19 of the FAC, FTT Oregon denies the allegations in this paragraph.

20. Answering the allegations in paragraph 20 of the FAC, FTT Oregon admits that Plaintiffs so allege.  Except as expressly admitted herein, FEI denies the allegations in this paragraph.

21. Answering the allegations in paragraph FTT Oregon of the FAC, FEI denies the allegations in this paragraph.

22. Answering the allegations in paragraph 22 of the FAC, FTT Oregon denies the allegations in this paragraph.

23. Answering the allegations in paragraph 23 of the FAC, FTT Oregon admits that Plaintiffs so allege.  Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

24. Answering the allegations in paragraph 24 of the FAC, FTT Oregon admits that 29 U.S.C. § 2104(a)(5) and California Labor Code § 1404 authorize class treatment provided the requirements for class certification can be met.  Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

## COUNT I

### Violations of the Federal WARN Act

25. Answering the allegations in paragraph 25 of the FAC, FTT Oregon reasserts and realleges its responses to the allegations in the previous paragraphs of the FAC.

26. Answering the allegations in paragraph 26 of the FAC, FTT Oregon admits that 29 U.S.C. § 2101, *et seq.* sets forth rights and remedies afforded to certain employees. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

27. Answering the allegations in paragraph 27 of the FAC, FTT Oregon admits that the federal WARN Act and case law interpreting the WARN Act set forth the notice requirements applicable to certain employers in connection with "plant closings" and "mass layoffs" as well as the remedies available to employees in the event of a violation of the notice requirements. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

28. Answering the allegations in paragraph 28 of the FAC, FTT Oregon admits as of March 9, 2009, it employed 100 or more employees, excluding part-time employees. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

29. Answering the allegations in paragraph 29 of the FAC, FTT Oregon denies the allegations in this paragraph.

30. Answering the allegations in paragraph 30 of the FAC, FTT Oregon admits that 29 U.S.C. § 2103 contains exemptions from the notice requirements and that 29 U.S.C. § 2103(1) and (2) do not apply to FTT Oregon. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

31. Answering the allegations in paragraph 31 of the FAC, FTT Oregon denies the allegations in this paragraph.

## COUNT II

### Violations of the California WARN Act

32. Answering the allegations in paragraph 32 of the FAC, FTT Oregon reasserts and realleges its responses to the allegations in the previous paragraphs of the FAC.

Gibson, Dunn & Crutcher LLP

33.     Answering the allegations in paragraph 33 of the FAC, FTT Oregon admits that the California WARN Act sets forth rights and remedies afforded to certain employees. Except as expressly admitted herein, FTT Oregon denies the allegations in this paragraph.

34.     Answering the allegations in paragraph 34 of the FAC, FTT Oregon admits that the California WARN Act and case law interpreting the California WARN Act set forth the notice requirements applicable to certain employers in connection with a "mass layoff," "relocation," and "termination," as those terms are defined by the California WARN Act, as well as the remedies available to employees in the event of a violation of those requirements. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

35.     Answering the allegations in paragraph 35 of the FAC, FTT Oregon denies the allegations in this paragraph.

36.     Answering the allegations in paragraph 36 of the FAC, FTT Oregon denies the allegations in this paragraph.

37.     Answering the allegations in paragraph 37 of the FAC, FTT Oregon alleges that the California WARN Act does not apply to FTT Oregon. Except as expressly alleged herein, FTT Oregon denies the allegations in this paragraph.

38.     Answering the allegations in paragraph 38 of the FAC, FTT Oregon denies the allegations in this paragraph.

## **PRAYER FOR RELIEF**

39.     Answering the Prayer for Relief, FTT Oregon denies that Plaintiffs and the putative class are entitled to the relief sought therein or any other relief.

FTT Oregon has alleged defenses as set forth below. By such pleading, FTT Oregon intends no alteration of the burden of proof as applicable to Plaintiffs' claims. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability as to whether Plaintiffs are entitled to any relief whatsoever.

Gibson, Dunn & Crutcher LLP

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

1. The FAC fails to state facts sufficient to constitute a valid claim for relief against Defendant FTT Oregon.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

2. The alleged claims in the FAC by Plaintiff Tucker against FTT Oregon are barred because such claims can only be brought by an employee against an employer, and FTT Oregon was not the employer of Plaintiff Tucker.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

3. The alleged claims in the FAC by Plaintiff Tucker against FTT Oregon for alleged violations of California Labor Code Section 1400 *et seq.* are barred because the California Labor Code does not apply to FTT Oregon.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

4. The alleged claims in the FAC are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(1) as a result of FTT Oregon's reasonable and good faith belief that giving notice would have precluded FTT Oregon from obtaining needed capital or business.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

5. The alleged claims in the FAC are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(2)(A) as a result of business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

6. The alleged claims in the FAC are barred, in whole or in part, because FTT Oregon was not an "employer" under 29 U.S.C. § 2101(a)(1) inasmuch as it was not a "business enterprise" with respect to the travel trailer business in which Plaintiffs were employed.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

7. FTT Oregon is informed and believes and thereon alleges that Plaintiffs are barred from maintaining a class action based on the following grounds: (1) joinder of all members of the purported class is not impracticable; (2) the claims asserted in the FAC are not "typical" of the claims

Gibson, Dunn & Crutcher LLP

of the purported class; (3) the representative party will not fairly and adequately protect the interests of the purported class; (4) facts common to the purported class do not predominate over questions affecting only individual members; and (5) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant FTT Oregon prays for judgment as follows:

1. That Plaintiffs take nothing by their FAC and that the same be dismissed with prejudice;

2. That FTT Oregon be awarded its costs of suit, including reasonable attorneys' fees to the extent allowable; and

3. That FTT Oregon be awarded such further relief as the Court deems just and proper.

Dated: June 8, 2009

CRAIG H. MILLET
MICHELE L. MARYOTT
SOLMAZ KRAUS
GIBSON, DUNN & CRUTCHER LLP


By: /s/ Craig H. Millet
        Craig H. Millet

Attorneys for Debtors and Debtors in Possession

100669724_1.DOC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I, Arlene R. Thompson, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State.

A true and correct copy of the foregoing document described as **DEFENDANT FLEETWOOD TRAVEL TRAILERS OF OREGON, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**—Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 8, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Matthew B George on behalf of Plaintiff Brian Tucker
mbg@girardgibbs.com

Craig Millet on behalf of Defendant Fleetwood Enterprises, Inc.
cmillet@gibsondunn.com, pcrawford@gibsondunn.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL:** On June 8, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Meredith A. Jury
U.S. Bankruptcy Court/Riverside
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

*Bankruptcy Judge*

Eric H. Gibbs, Esq.
Dylan Hughes, Esq.
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

*Attorneys for Plaintiffs*

Richard M. Paul III, Esq.
Ashlea G. Schwarz, Esq.
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 8, 2009.

/s/ Arlene R Thompson
Arlene R. Thompson