1 | Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Charles A. Ercole, Esquire
cercole@klehr.com
**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP**
260 S. Broad Street
Philadelphia, Pennsylvania 19102-5003
Telephone: (215) 569-4282
Facsimile: (215) 568-6603

Daniel C. Lapidus (State Bar No. 227170)
dan@lapiduslaw.com
**LAPIDUS & LAPIDUS**
**A PROFESSIONAL LAW CORPORATION**
177 South Beverly Drive
Beverly Hills, California 90212
Telephone: (310) 550-8700
Facsimile: (310) 943-2471

*Attorneys for Plaintiffs*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re FLEETWOOD ENTERPRISES, INC., <br><br> Debtor, | CASE NO. 6:09-bk-14254-MJ <br><br> Chapter 11 |
| SANDRA JUSTICE, ALICIA RICE, RONALD DOUD, JEREMIAH HASTINGS, BRIAN TUCKER, and ROBERT MYERS, individually and on behalf of other similarly situated persons, <br><br> Plaintiffs, <br> v. <br><br> FLEETWOOD ENTERPRISES, INC., FLEETWOOD TRAVEL TRAILERS OF OHIO, INC., FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC., and FLEETWOOD TRAVEL TRAILERS OF OREGON, INC., <br><br> Defendants. | ADV. NO.: 6:09-ap-01114-MJ <br><br> **CLASS ACTION** <br><br> CONSOLIDATED COMPLAINT FOR DAMAGES AND OTHER RELIEF: <br><br> Violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*; California Labor Code § 1400 *et seq.* |

CONSOLIDATED CLASS ACTION ADVERSARY COMPLAINT

# CLASS ACTION ADVERSARY COMPLAINT

Plaintiffs Sandra Justice, Alicia Rice, Ronald Doud, Jeremiah Hastings, Brian Tucker and Robert Myers, individually and on behalf of all others similarly situated, for their Consolidated Adversary Complaint against Defendants Fleetwood Enterprises, Inc., Fleetwood Travel Trailers of Ohio, Inc., Fleetwood Motor Homes of California, Inc., and Fleetwood Travel Trailers of Oregon, Inc. (collectively "Fleetwood" or "Defendants"), allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for Fleetwood and who were terminated as a consequence of plant closings and/or a mass layoff on or about March 9, 2009 and within thirty (30) days of that date, who were not provided sixty (60) days advance written notice of the plant closings and/or mass layoff by Fleetwood as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, and California Labor Code § 1400 *et seq.*, informally known as the California WARN Act (the United States and California Worker Adjustment and Retraining Notification Acts are referred to herein collectively as "WARN Act" unless otherwise stated).

2. Plaintiffs and all similarly situated employees seek to recover back pay and benefits for each day of WARN Act violations under 29 U.S.C. § 2104. Plaintiffs' claims, as well as the claims of all similarly situated employees, are entitled to priority status under the United States Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based on 28 U.S.C. §§ 157, 1331, 1334, and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

4. This is a core proceeding under 28 U.S.C. § 157.

## PARTIES

5. Plaintiffs Sandra Justice, Alicia Rice, Ronald Doud, Jeremiah Hastings, Brian Tucker and Robert Myers were full-time Fleetwood employees who, in addition to other substantial employee benefits, earned regular compensation and were damaged by Fleetwood's acts in violation of the WARN Act.

6.  Defendant Fleetwood Enterprises, Inc. is a California corporation that manufactures motor homes and manufactured housing and maintains its headquarters in Riverside, California.

7.  Defendant Fleetwood Travel Trailers of Ohio, Inc. is a corporation that manufactures travel trailers and maintains its principal place of business in Columbus, Ohio.

8.  Defendant Fleetwood Motor Homes of California, Inc., is a corporation that manufactures motor homes and maintains its principal place of business in Riverside, California.

9.  Defendant Fleetwood Travel Trailers of Oregon, Inc. is a corporation that manufactures travel trailers and maintains its principal place of business in Pendleton, Oregon.

## **FACTS**

10. Plaintiff Justice was employed full time as a Wall Builder at Fleetwood's Edgerton, Ohio facility.

11. Plaintiff Rice was employed full time at Fleetwood's Edgerton, Ohio facility.

12. Plaintiff Doud was employed full time as an Assembler at Fleetwood's Pendleton, Oregon facility.

13. Plaintiff Hastings was employed full time as a Parts and Services Associate at Fleetwood's La Grande, Oregon facility.

14. Plaintiff Tucker was employed full time as a Business Analyst 2 at Fleetwood's headquarters in Riverside, California.

15. Robert Myers was employed full time as a District Sales Manager at Fleetwood's manufacturing facility in Riverside, California.

16. As of early March 2009, Fleetwood employed approximately 175 employees at its Edgerton, Ohio site of employment. In early March 2009, Fleetwood announced that it was closing its plant and was terminating the employment of approximately 175 employees at this site, including Plaintiffs Justice and Rice. Plaintiffs Justice, Rice and the other affected employees were not given any prior notice of the layoff. Plaintiffs Justice, Rice and others similarly situated were terminated from their employment without receiving sixty (60) days notice.

17. As of early March 2009, Fleetwood employed approximately 253 employees at its Pendleton, Oregon site of employment and 162 employees at its La Grande, Oregon site of

employment. In early March 2009, Fleetwood announced that it was closing its plants at both sites and was terminating the employment of approximately 415 employees at these sites, including Plaintiffs Doud and Hastings. Plaintiffs Doud, Hastings and the other affected employees were not given any prior notice of the layoff. Plaintiffs Doud, Hastings and others similarly situated were terminated from their employment without receiving sixty (60) days notice.

18. In early March 2009, Fleetwood began terminating the employment of approximately 100 employees at its Riverside, California headquarters and manufacturing facility, including Plaintiffs Tucker and Myers. Plaintiffs Tucker, Myers and the other affected employees were not given prior notice of the layoff. Plaintiff Tucker, Myers and others similarly situated were terminated from their employment without receiving sixty (60) days notice.

19. In addition, Fleetwood terminated hundreds of other employees at other facilities that it, as of the date of this Complaint, has not yet closed down completely. Depending on the number of total employees at these sites, such terminations may constitute a mass layoff and/or plant closing under the WARN Act.

**CLASS ACTION ALLEGATIONS**

20. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act (29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404).

21. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a Class initially defined as:

> All Fleetwood employees who were terminated from employment on or within thirty days of March 9, 2009 without sixty days written notice before the date of their termination.

Excluded from the Class are anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family. Plaintiffs reserve the right to modify the class definitions based on further investigation, discovery, or other relevant developments.

22. Plaintiffs Tucker and Myers further seek to represent a sub-class initially defined as:

> All Fleetwood employees in California who were terminated from employment on or within thirty days of March 9, 2009 without sixty days written notice before the date of their termination.

Excluded from the sub-class are anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family. Plaintiffs reserve the right to modify the sub-class definitions based on further investigation, discovery, or other relevant developments.

23. Plaintiffs and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

24. Plaintiffs Tucker, Myers and sub-class members are "employees" at a "covered establishment" subject to a "mass layoff" and/or "termination" as those terms are defined in the California WARN Act, California Labor Code § 1400(h), (a), (d) and (f), respectively.

25. <u>Numerosity</u>. Members of the class are so numerous that their individual joinder herein is impracticable. The members of the class and sub-class exceed 500 in number, and joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from the books and records of Fleetwood. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

26. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the class and sub-class, because, among other things, Plaintiffs were terminated by Fleetwood on or about March 9, 2009 without prior notice.

27. <u>Adequacy</u>. Plaintiffs are affected employees who were terminated by Fleetwood in early March 2009, without the notice required by the WARN Act. They are thereby members of the class. Plaintiffs Tucker and Myers are affected California employees who were terminated without the notice required by the California WARN Act. They are thereby members of the sub-class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience prosecuting complex wage, employment, class action, and WARN Act litigation. Accordingly, Plaintiffs are adequate representatives of the class and sub-class and have the same interests as all of their members.

28. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Fleetwood has acted or refused to act on grounds generally applicable to the class and sub-class. The presentation of separate actions by individual class members could create a risk of

inconsistent and varying adjudications, establish incompatible standards of conduct for Fleetwood, and/or substantially impair or impede class and sub-class members' ability to protect their interests.

29. <u>Existence and predominance of common questions</u>. Common questions of law and fact exist as to all members of the class and predominate over questions affecting only individual class members. These common questions include the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Fleetwood's employee terminations on or about March 9, 2009, and within 30 days thereof, triggered the notice requirements of the WARN Act;

    c. Whether Fleetwood failed to provide the notices required by the WARN Act (29 U.S.C. § 2102(b); Cal. Labor Code § 1401);

    d. Whether Fleetwood can avail itself of any of the provisions of the WARN Act permitting lesser periods of notice;

    e. The appropriate formulae to measure damages under the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402); and

    f. The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. § 2104(a)(2); Cal. Labor Code § 1402).

30. Further, class action treatment of this action is authorized and appropriate under the WARN Acts which clearly provides that plaintiffs seeking to enforce liabilities under the WARN Act may sue either on behalf of themselves, for other persons similarly situated, or both. 29 U.S.C. § 2104(a)(5); Cal. Labor Code § 1404.

## COUNT I

### Violations of the Federal WARN Act

31. Plaintiffs reassert and re-allege the allegations set forth above.

32. At all times material herein, Plaintiffs, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et seq*.

33. The federal WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to plant closings and/or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

34. Fleetwood was, and is, subject to the notice and back pay requirements of the federal WARN Act because it is a business enterprise that employs 100 or more employees, excluding part-time employees, as defined in the Act. 29 U.S.C. § 2101(1)(A).

35. Fleetwood violated the federal WARN Act by failing to provide the required notice 60 days notice prior to termination of class members.

36. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. § 2103(1)-(2). None of the federal WARN Act exemptions apply to Fleetwood. Accordingly, Plaintiffs and class members must receive the notice and back pay required by the federal WARN Act (29 U.S.C. § 2102 and 2104).

37. Plaintiffs and all similarly situated employees have been damaged by Fleetwood's conduct constituting violations of the federal WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation. Fleetwood has not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the federal WARN Act.

## COUNT II

### Violations of the California WARN Act

38. Plaintiffs reassert and re-allege the allegations set forth above.

39. At all times material herein, Plaintiffs Tucker, Myers and similarly situated persons, have been entitled to the rights, protections and benefits provided under the California WARN Act, California Labor Code § 1400 *et seq*.

40. The California WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closings and/or layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

41. Fleetwood was, and is, subject to the notice and back pay requirements of the California WARN Act because it is a covered establishment that employs 75 or more employees, excluding part-time employees, as defined in the Act. Cal. Labor Code § 1400 *et seq*.

42. Fleetwood violated the California WARN Act by failing to provide the required notice 60 days notice prior to termination of class members.

43. The California WARN Act exempts certain employers from the notice requirements of the Act. None of the California WARN Act exemptions apply to Fleetwood. Accordingly, Plaintiffs Tucker, Myers and sub-class members must receive the notice and back pay required by the California WARN Act.

44. Plaintiffs Tucker, Myers and all similarly situated employees have been damaged by Fleetwood's conduct constituting violations of the California WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation. Fleetwood has not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the California WARN Act.

## COUNT III

### Claim for Allowance and Payment of Administrative Expense on Behalf of Class and Sub-Class Members Terminated After the Petition Date

45. Plaintiffs reassert and re-allege the allegations set forth above.

46. Section 503 of the Bankruptcy Code provides that the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case, shall be allowed as an administrative expense in a case. 11 U.S.C. § 503(b)(1)(a).

47. Because some class and sub-class members seek damages from Fleetwood for wages and benefits they should have received during the post-petition period, each of them is entitled to an administrative priority claim, including, but not limited to, sixty (60) days of pay and benefits as provided by the WARN Act, pursuant to § 503(b)(1)(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Sandra Justice, Alicia Rice, Ronald Doud, Jeremiah Hastings, Brian Tucker and Robert Myers, and all similarly situated employees, demand judgment against defendant Fleetwood and pray for:

(1) an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2) designation of Sandra Justice, Alicia Rice, Ronald Doud, Jeremiah Hastings, Brian Tucker and Robert Myers as the representatives of the class, Brian Tucker and Robert Myers as the representatives of the sub-class, and their counsel as Class Counsel;

(3) compensatory damages in an amount equal to at least the amounts provided by the WARN Act (29 U.S.C. § 2104(a); Cal. Labor Code § 1402(a));

(4) a priority claim under 11 U.S.C. § 503 in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, or, alternatively, determining that the first $10,950 of the WARN Act claims of the Plaintiffs and each of the other similarly situated former employees are entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim;

(5) an allowed priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

(6) an award of costs;

(7) prejudgment interest; and

(8) such other relief as the Court deems fair and equitable.

| | |
|---|---|
| DATED: September 22, 2009 | Respectfully submitted,<br><br>**GIRARD GIBBS LLP**<br><br>　/s/ Eric H. Gibbs　<br>Eric H. Gibbs<br>Dylan Hughes<br>Matthew B. George<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br><br>Charles A. Ercole (admitted *pro hac vice*)<br>**KLEHR HARRISON HARVEY BRANZBURG & ELLERS LLP**<br>260 S. Broad Street<br>Philadelphia, Pennsylvania 19102-5003<br>Telephone: (215) 568-6060<br>Facsimile: (215) 568-6603<br><br>Richard M. Paul III (admitted *pro hac vice*)<br>Ashlea Schwarz (admitted *pro hac vice*)<br>**STUEVE SIEGEL HANSON LLP**<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Telephone: (816) 714-7100<br>Facsimile: (816) 714-7101<br><br>Peter A. Davidson<br>Byron Z. Moldo<br>Allan B. Cooper<br>**ERVIN COHEN & JESSUP LLP**<br>9401 Wilshire Boulevard, Ninth Floor<br>Beverly Hills, California 90212-2974<br>Telephone: (310) 273-6333<br>Facsimile: (310) 859-2325<br><br>Ryan D. Lapidus<br>Daniel C. Lapidus<br>**LAPIDUS & LAPIDUS**<br>**A PROFESSIONAL LAW CORPORATION**<br>177 South Beverly Drive<br>Beverly Hills, California 90212<br>Telephone: (310) 550-8700<br>Facsimile: (310) 943-2471 |

Shanon J. Carson
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604

*Attorneys for Plaintiffs*